Filed 3/3/21  P. v. Gallegos CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND CARLOS GALLEGOS,<br><br>　　　　Defendant and Appellant. | A161061<br><br>(Del Norte County<br>Super. Ct. No. CRPB19-5141) |

Pursuant to a plea agreement, defendant Raymond Carlos Gallegos pled guilty to a felony charge of assault with deadly weapon by a prisoner in violation of Penal Code[1] section 4501, subdivision (a) and admitted the enhancement allegations that he personally inflicted great bodily injury (§ 12022.7, subd. (a)) and had one prior serious felony conviction (§ 667, subd. (a)). In exchange for his plea, defendant agreed to a sentence of fourteen years, consisting of the upper term of six years on the assault charge, three consecutive years for infliction of great bodily injury, five consecutive years for the prior serious felony conviction. An additional charge of attempted murder (§ 664, § 187, subd. (a)), two additional counts of assault with a deadly weapon (§ 4500, § 4501, subd. (b)) and a charge of unlawful possession of a weapon (§ 4502, subd. (a)) were dismissed in connection with the plea agreement.

---

[1] All statutory references are to the Penal Code unless otherwise noted.

1

Defendant's counsel has filed an opening brief asking that this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Counsel has informed defendant that he has the right to file a supplemental brief on his own behalf, which defendant has not done. We conclude there are no meritorious issues that require further briefing and affirm the judgment.

## Background

At the plea hearing, counsel offered the following factual basis for the plea: "On September 17th, 2018, this defendant was an inmate at Pelican Bay State Prison, serving a life sentence. He ran from his cell . . . into the victim's cell . . . as the cell doors were being opened for morning yard release. . . . [¶] The defendant ran into that cell with a weapon [and] began stabbing [the victim] numerous times. The victim was seen trying to crawl away from the attack. [Pepper] spray had to be used at which time the defendant stopped. A bloody weapon was found near the defendant . . . . The victim did lose consciousness as well as loss of all pulse for a while. Life-saving measures were used, and he was taken by ambulance to Sutter Coast Hospital."

## Discussion

Defendant was properly advised before entering his plea and stipulating to a factual basis for the plea. While entering his plea, defendant questioned whether sentencing on the prior serious felony enhancement amounted to "double jeopardy or something like that." The court correctly explained that the enhancement did not punish defendant again for the prior crime but added time to his sentence for the current crime because defendant "didn't remain free of criminal conduct." Defendant confirmed that he understood and would admit the section 667, subdivision (a) enhancement.

Defendant was advised that the matter would be referred to the probation department for a presentencing report and that the sentencing judge would decide whether the plea was in the interests of justice.

On July 23, 2020, the court found that the plea agreement was in the interest of justice and sentenced defendant in conformity with the stipulated sentence. The court's decision to accept the stipulated sentence was both consistent with the plea agreement and appropriate in light of defendant's lengthy criminal history.

Prior to imposing $370 in fees and fines (§§ 1202.4, 1465.8, Gov. Code, § 70373), the court conducted a hearing on defendant's ability pay. The prosecutor presented evidence that since September 2018, defendant had paid $1,000 in fees and fines on his murder conviction and at the time of the hearing he owed $6,381.40. His prison account also showed that defendant has a "steady string of people" sending him money in amounts varying from $25 to $175 at a time. The prosecutor argued that adding 14 years to his original release date of 2041 would give defendant ample time to pay the proposed $370 in fees and fines. Defendant submitted without challenging the prosecutor's showing. Substantial evidence supports the finding that defendant has the ability to pay the fees and fines imposed by the court.

Having examined the record to ensure that defendant receives effective appellate review, we find no basis for reversal or further briefing. (*Wende, supra*, 25 Cal.3d 436.)

## Disposition

The judgment is affirmed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.

3